GEORGE P. FANNING, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Fanning v. Commissioner
Docket No. 1537-79.
United States Tax Court
T.C. Memo 1980-462; 1980 Tax Ct. Memo LEXIS 126; 41 T.C.M. (CCH) 192; T.C.M. (RIA) 80462; October 14, 1980, Filed George P. Fanning, Pro se. Maureen O'Brien, for the respondent. NIMS
MEMORANDUM FINDINGS OF FACT AND OPINION NIMS, Judge: Respondent determined deficiencies in petitioner's federal income tax for the years 1975 and 1976 in the respective amounts of $2,506.49 and $3,074.25 and additions to tax under section 6653(a) in the respective amounts of $125.32 and $153.71. Concessions having been made, the issues for decision are: (1) Whether *127 petitioner is entitled to deductions under section 162 for amounts spent for food during 1975 and 1976; (2) whether petitioner is entitled to deduct $1,680 and $2,195 for a Film, Dance, Picture, Craft and Music Program; (3) whether petitioner is entitled to deductions for automobile expenses for the years 1975 and 1976 in excess of the amount allowed by the respondent; and (4) whether petitioner is liable for the addition to tax under section 6653(a) [1] for the years 1975 and 1976. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. The stipulation and the attached exhibits are incorporated herein by reference. At the time the petition in this case was filed, petitioner resided in Boston, Massachusetts. Petitioner is a psychiatric social worker who has been engaged in the private practice of psychotherapy since 1964. He received a Master of Science degree from the Boston University School of Social Work in 1950 and has taken various post-graduate courses in that field since then. Petitioner *128 has experience working in a variety of settings, including family agencies, hospitals, residential treatment centers and mental health centers. During the years 1975 and 1976, petitioner worked as a consultant at the Whidden Memorial Hospital School of Nursing in Everett, Massachusetts; at the Lesley B. Culter Mental Health Center in Norwood, Massachusetts; and at the Boston University School of Social Work in Boston, Massachusetts. Also during the years at issue, petitioner was self-employed as a family and individual psychotherapeutic counselor. In connection with his counseling practice, petitioner sees approximately 90 heads of families each year. Clients are referred to petitioner by psychiatrists, doctors, social workers, psychologists, clergy, school teachers and by word of mouth. Petitioner conducts two types of counseling sessions at his residence, group meetings and individual sessions. For the most part, these sessions involve discussion with clients. At each of the group meetings, which occur on the average of four evenings per week, petitioner sees approximately six clients for about three hours. Petitioner also holds between six and eight individual sessions *129 in his home each week. These sessions each last between one and a half and two hours in duration. Petitioner charges his clients a fee of $25.00 per individual session and $15.00 per group session. Petitioner views all of his counseling activities as a total program which combines the aspects of a three-room school, hospital, half-way house, clinic, settlement house, art studio, dance studio, music studio, workshop, job center and home. Petitioner endeavors to ensure that his services are available whenever needed, seven days a week. Thus, clients have occasionally stayed at petitioner's residence for extended periods until they were capable of reintegrating into the community. As a consequence of the nature of the program, petitioner utilizes his residence as the situs for conducting his counseling practice. His residence consists of a unit in an apartment complex of which he is co-owner. In connection with his counseling activities, petitioner generally has food on hand for his clients. Petitioner considers food to be an important element in his counseling efforts, particularly in the group sessions. It is petitioner's belief that the availability of food helps create *130 an atmosphere conducive to the sharing of close feelings and thoughts. Petitioner regards food as being particularly helpful for those individuals who are trying to disassociate themselves from smoking, drugs and alcohol. Consequently, petitioner always has coffee, milk, cookies, peanut butter, bread and soup on hand for his clients. However, during the years in issue, petitioner did not provide full meals for his clients. On the average, clients consume more food during the evening group sessions as they are longer in duration. During 1975 and 1976, petitioner employed a housekeeper named Queenia Prince. In addition to cleaning and providing general maintenance for petitioner's apartment, Queenia Prince was responsible for replenishing petitioner's food supplies. Petitioner usually gave her a $30.00 check each week with which to buy any required supplies, including non-food items. Petitioner also considers art an important element in his counseling activities. Petitioner believes that by placing his clients in group situations where they will help each other by sharing a skill (e.g., woodworking, cooking, electrical repairs, auto mechanics, photograph, etc.), they become *131 emotionally involved in their own therapy. Through the use of expressive art petitioner attempts to help clients feel more whole, productive and involved in life, both as individuals and as members of the community. Petitioner feels that photograph is an important part of this aspect of his counseling. Petitioner encourages the use of picture taking by his clients in order that they may have greater self-awareness and cognizance of their roots. During 1975 and 1976, petitioner and others took various photographs. These photographs were taken primarily on group outings petitioner conducted with his clients and were of both people and scenery. These outings, described by petitioner as "get-togethers," were for petitioner's various friends, clients and former clients. Petitioner does not charge a fee to anyone when they accompany him on these outings. Although some of petitioner's colleagues charge their clients for any film or videotape used in connection with counseling activities, petitioner does not. Many of the pictures taken at these outings have not been developed. During 1975 petitioner purchased a camera for $19.52. Petitioner spent $106.23 and $150.61 in 1975 *132 and 1976, respectively, for film and flash cubes. Petitioner also spent $115 and $330 during 1975 and 1976, respectively, for the framing of pictures and paintings that hang in the large group room of his apartment. During the years 1975 and 1976, petitioner owned a 1964 Ford Falcon, which he had purchased new in 1964. Petitioner drove this automobile a total of 14,000 miles during those two years. Petitioner's car is utilized to transport his clients to clinics or hospitals, and also to visit clients when he conducts consultations in their homes. In addition, his car is used for various outings, trips and group activities, including ski trips, weddings, trips to the ocean, picnics and visits to former clients. Petitioner considers these activities as constituting a business use of his automobile. During the years 1975 and 1976, petitioner spent $536.91 and $538.13 on oil and gas for his automobile. During those years petitioner paid $291.21 and $79.47, respectively, to Atamian Ford. Petitioner spent $19.95 during 1975 at Porter Chevy. During the year 1976, petitioner spent $11.25 at Hogan Tire and $1,255.16 [2] at Lincoln Auto Body to repair his automobile. *133 During the year 1975, petitioner drew checks made payable to the following named payees in the following total amounts: Payees
Amount
Mass. Registry of Motor Vehicles
$ 12.00
Obrion, Russell & Company
404.00
American Automobile Association
21.00
During the year 1976, petitioner drew checks made payable to the following named payees in the following total amounts: Payees
Amount
City of Boston
$ 16.50
Obrion, Russell & Company
614.00
City of Boston
23.71
OPINION The first issue for our decision concerns whether petitioner is entitled to business expense deductions for food for the years 1975 and 1976. On his federal tax returns for those years, petitioner claimed deductions for food in the respective amounts of $4,485 and $4,700. However, at trial petitioner conceded that one-fourth of the amounts claimed on his returns were really personal in nature, having no relation to his counseling activities. On brief, respondent does not argue that petitioner's expenditures for food could not, as a matter of substantive tax law, constitute ordinary and necessary business expenses under section 162. Rather, respondent's objections are *134 evidentiary in nature. Respondent maintains that petitioner has failed to demonstrate either the amounts spent for food or the extent to which any amounts spent for food were business related vis-a-vis nondeductible personal expenses of his own. In other words, respondent seeks to deny these deductions for want of substantiation. The record presented in this case shows that petitioner's expenditures for food during 1975 and 1976 could have been in the vicinity of $2,135 and $1,745, respectively. [3] Petitioner did not give any specifics as to the proportions of those amounts which were attributable to food for his clients. It is clear, however, that the client-related purchases were no way proximate to the amounts claimed on his return ($4,485 and $4,700) or even those amounts less his concession of 25 percent. We did find petitioner credible, particularly with respect to his testimony that his practice was to give Queenia Prince $30 each week for the purpose of replenishing supplies. Since it appears that his *135 housekeeper also purchased non-food items with those weekly allowances, and because of petitioner's failure to produce evidence proving the actual amounts expended for his client's food, we are forced to approximate the amount of petitioner's expenses the best we can. Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930). We conclude that petitioner is entitled to deduct $1,300 as a business expense each year for amounts expended for food. The next issue for consideration is whether petitioner is entitled to deductions under section 162 for a Film, Dance, Picture Craft and Music Program. Petitioner claimed deductions for this program on his 1975 and 1976 tax returns in the respective amounts of $1,680 and $2,195. In support of these deductions, petitioner presented various cancelled checks drawn on his checking account. [4]
*136 Petitioner bears the burden of proving that he is entitled to any claimed deductions, Welch v. Helvering, 290 U.S. 111 (1933). His testimony relating to this program and its expenses was vague and did not evince a sufficient relation of the expenditures to his counseling activities. For example, even though petitioner considered the use of film to be helpful to his clients' self awareness, his own testimony simultaneously undercut the assertion that these pictures were important -- as of the date of trial, much of the film has not been developed. [5]
Moreover, petitioner's testimony on this issue (as well as that relating to his automobile expenses, discussed infra), convinces us that petitioner has an overly expensive view of his business activities and related expenses. In petitioner's mind, there *137 is little, if any, demarcation between the personal and business aspects of his life. Many of the pictures were taken on group outings; i.e. picnics, trips to the beach and the like, and were of scenery as well as people. Although there is arguably a semblance of a relation to his counseling with some of these activities, petitioner has failed to delineate the line to be drawn between his business and recreational endeavors. As a result, as to the photography expenditures, we cannot find that they constituted ordinary and necessary business expenses under section 162. We do find, however, that petitioner is entitled to deduct amounts paid for the framing of pictures and paintings that hang in the large group room of his apartment as there was a sufficient nexus between those expenditures and his counseling. Viewed either as being proximately related to petitioner's art program or as expenditures for office decorating (or both), we believe the expenses for framing are deductible under section 162. Accordingly, petitioner is entitled to deductions for framing for 1975 and 1976 in the respective amounts of $115.00 and $330.00. On his tax returns for 1975 and 1976 petitioner *138 claimed deductions relating to automobile expenses in the respective amounts of $1,755 and $2,642. At trial, petitioner conceded that one-fourth of these expenses were personal. Respondent has allowed $312.00 as a deduction for automobile expenses for each of the years 1975 and 1976. Petitioner claims that his automobile was used for business purposes about 75 percent of the time. Although he produced no records at trial to verify such a percentage, petitioner stated that in one year he used his automobile 40 times for personal use, and 150 times for business use. He did not provide greater specificity as to the purpose for individual trips. [6]
We find that petitioner has failed to prove that he is entitled to automobile expenses greater than the amount allowed by respondent. Once again, petitioner's testimony demonstrated his all-encompassing view of his counseling activities. Apart from the use of petitioner's *139 automobile to transport his clients to hospitals and home consultation visits (which were not on a regular basis), petitioner argues that the use of his automobile for driving lessons, transportation to a wedding and ski and field trips represented continued interests in his former clients. These uses, in our view, are primarily recreational or social and not sufficiently related to petitioner's counseling business to warrant a deduction under section 162. Section 1.162-1(a), Income Tax Regs. Further evidence of the tenuous relation of the use of his automobile to his counseling includes petitioner's testimony that no therapeutic activity occurred during these trips and that his clients were not charged a fee on any of these occasions. Accordingly, we hold that petitioner is entitled to deductions for automobile expenses in the amount of $312.00 for 1975 and 1976. The final issue for consideration is whether petitioner is liable for an additionto tax under section 6653(a). Respondent insists that petitioner has failed to keep adequate records as mandated by sections 6001 and 1.6001-1(a) and (d), Income Tax Regs.
Petitioner has the burden of proving that the negligence penalty *140 was erroneously imposed. Rule 142(a), Tax Court Rules of Practice and Procedure.Smith v. Commissioner, 66 T.C. 622 (1976). Petitioner did produce a voluminous number of checks to support the various deductions claimed. However, the checks were not sufficiently detailed to support the amount of the deductions claimed on petitioner's return and petitioner failed to introduce other evidence demonstrating the purpose of many of the expenditures. This fact, coupled with petitioner's concession that 25 percent of his food and automobile expenses were, in actuality, personal expenditures precludes our finding that petitioner has met his burden of proving that the negligence penalty is not justified. See Bunnel v. Commissioner, 50 T.C. 837 (1968). Accordingly, we find that petitioner is liable for the addition to tax under section 6653(a). To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. All references to Code sections are to sections of the Internal Revenue Code of 1954 in effect during the years in question, unless otherwise stated.↩
2. This figure is taken from an estimate sheet and repair order marked "paid."↩
3. These amounts represent the aggregate of various checks, payable to several food stores, cash and Queenia Prince, which petitioner submitted for both years.↩
4. The parties have agreed that petitioner spent $106.23 and $150.61 in 1975 and 1976 respectively, on film and flash cubes and that he purchased a camera in 1975 for $19.52. Various other checks, payable to a department store, may have paid for items in this program although there was no evidence demonstrating what was purchased with them.↩
5. If picture taking had been so important to his counseling, we believe that petitioner would have developed the pictures. His contention that he failed to develop the pictures because he had been told that such expenditures were nondeductible does not hold weight; he could have sought reimbursement for these expenditures as his colleagues evidently do.↩
6. Petitioner did submit a list of places he traveled to in his car; this list also recited the mileage driven for each respective trip. However, petitioner failed to provide any dates for these trips or any explanation regarding the purpose of any of the trips listed.↩